WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALC Holding LLC,<br><br>             Plaintiff,<br><br>v.<br><br>Federated Service Insurance Company, et al.,<br><br>             Defendants. | No. CV-15-08162-PCT-GMS<br><br>**ORDER** |

Pending before this Court is Plaintiff, ALC Holding, LLC's, motion to remand pursuant to 28 U.S.C. § 1447(c). (Doc. 18.) For the foregoing reasons, the Court grants the motion and remands the matter back to the Apache County Superior Court.

**BACKGROUND**

This case arises out of a 2011 fire that damaged the facilities of a business in which Plaintiff allegedly holds a majority interest. (Doc. 1 at 4.) Defendant provided property insurance coverage for the business. (*Id.*) A dispute arose over the extent of smoke damage, thus, Plaintiff requested an appraisal of said damage pursuant to the terms of its insurance policy with Defendant. (*Id.*) Both parties elected independent appraisers, but the appraisers could not agree on a third-party umpire required by the terms of the insurance agreement. (*Id.*)

On May 6, 2014, Plaintiff filed its Petition for Appointment of Umpire ("Petition") in state court. (Doc. 18 at 1.) The Petition alleged complete diversity between the parties. (Doc. 1, Ex. B.) Plaintiff is an Arizona Limited Liability Company with

members in Arizona and North Carolina. (Doc. 1.) And defendant, Federated Service Insurance Company, is a Minnesota corporation with its principal place of business in Minnesota. (*Id.*) The Petition, however, did not state on its face an amount in controversy. (Doc. 1, Ex. B.) On May 22, 2014, the state court appointed an umpire. (Doc. 1 at 4.) On October 23, 2014, the appraisers and umpire reached an appraisal award amount of $626,000. (*Id.*) In light of the award amount, on December 10, 2014, Defendant paid Plaintiff the balance owed under the insurance policy. (*Id.*)

On May 21, 2015, Plaintiff filed a motion to confirm the appraisal award. (Doc. 25 at 5.) Plaintiff attached the October 23, 2014 appraisal award as an exhibit to the motion. (*Id.* at 8.) The motion prayed for the court to enter an order confirming the appraisal award without modification. (Doc. 1, Ex. H.) On July 10, 2015, Defendant filed a motion to dismiss the motion to confirm the appraisal award. (*Id.*, Ex. J.) Plaintiff filed its response on July 28, 2015 within which it noted new claims for insurance bad faith. (*Id.*, Ex K.) Plaintiff filed a "complaint" raising its new claims that same day. (*Id.*, Ex. J.) Defendant filed a motion to dismiss the "complaint" on August 17, 2015. (*Id.*, Ex. P.) On August 27, 2015, Defendant filed its notice of removal with the Court. (*Id.*) Plaintiff filed its motion to remand on September, 26, 2015. (Doc. 18.) The matter is fully briefed.

## DISCUSSION

**I.  Legal Standard**

Under 28 U.S.C. § 1446(b)(1), notice of removal "shall be filed within thirty days after the receipt [of a copy of the initial pleading] by the defendant." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). In other words:

///

> [S]ection 1446(b) identifies two thirty-day periods for removing a case. The first thirty-day removal period is triggered "if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b).

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Additionally, if the "case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy in the record of the State proceeding, . . . shall be treated as an "other paper" under subsection (b)(3)." § 1446(c)(3)(A). Generally, federal courts "strictly construe" the requirements of removal. *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (affirming that "[r]emoval statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court.") (citation omitted); *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed' against removal jurisdiction."). Accordingly, the thirty day time limit is likewise strictly construed against removal. *See U.S. ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) ("[time for removal] is imperative and mandatory, must be strictly complied with, and is to be narrowly construed").

Finally, when removal is sought on the basis of diversity jurisdiction, a defendant cannot remove under § 1446(b)(3) more than one year after the commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1). The statute specifically notes that if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith" and will permit removal after one year. § 1446(c)(3)(B).

/ / /

## II. Analysis

### A. Timeliness of removal

Plaintiff raises two arguments in favor of remand. First, since its initial pleading did not raise an amount in controversy, Plaintiff does not contend that its initial May 6, 2014 pleading evidenced removability to trigger the start of the thirty day removal clock.[1] But Plaintiff does argue that Defendant learned of the amount in controversy over the course of the state court litigation, either as early as October 23, 2014, when the appraisers and umpire reached an award amount of $626,000, or upon the May 21, 2015 filing of Plaintiff's motion to confirm the appraisal award. (Doc. 18 at 11.) Second, Plaintiff argues that Defendant's notice of removal violates § 1446(c)'s one year bar since Defendant filed it fifteen months after Plaintiff entered its initial pleading. (*Id.* at 2.)

Defendant argues that not until Plaintiff filed its "complaint" raising its insurance bad faith claim on July 28, 2015 did the thirty day removal clock begin. (Doc. 22 at 4–5.) As such, Defendant timely filed its notice of removal on August 27, 2015. And to account for § 1446(c)'s one year bar on diversity removals, Defendant asserts that Plaintiff deliberately withheld the amount in controversy triggering § 1446(c)(3)(B)'s bad faith exception to the one year bar. Defendant also contends that Plaintiff signed a "consent to jurisdiction" form waiving its right to object to removal. (*Id.* at 5.)

The October 23, 2014 appraisal award triggered the thirty day removal period under § 1446(b)(3). Plaintiff's May 21, 2015 motion to confirm the appraisal award would have also triggered the thirty day removal period. Accordingly, Defendant's

---

[1] Plaintiff also raises the fact that Defendant's privity to the insurance claims during the years prior to Plaintiff's initial pleading provided Defendant with constructive knowledge of the amount in controversy. (Doc. 18 at 7–10.) Subjective knowledge allegedly learned before the filing of the initial pleading does not suffice to start the thirty day removal clock upon the filing of an indeterminate pleading. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (The thirty day removal period begins once removability is ascertainable from "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("[A] document received prior to receipt of the initial pleading cannot trigger the . . . thirty-day removal period.")

- 4 -

August 27, 2015 notice of removal was untimely.  Furthermore, in light of this Court's obligation to strictly construe removal statutes, Defendant failed to prove Plaintiff's conduct amounted to a bad faith act of deceit in order to conceal the amount in controversy and prevent removal.  As such, this matter is remanded back to the Apache County Superior Court.

There is no dispute that the May 6, 2014 initial pleading did not indicate removability since Defendant could not ascertain the alleged amount in controversy within its "four corners."  *See Harris*, 425 F.3d at 694.  Thus, because the initial pleading could not be removed, § 1446(b)'s first thirty day window does not apply.  *Id.* ("[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face.")  Accordingly, the second thirty day window is in play here.

Defendant contends that not until Plaintiff filed its "complaint" raising its insurance bad faith claim could Defendant have ascertained removability.  Defendant ignores, however, the October 23, 2014 appraisal award and Plaintiff's May 21, 2015 motion to confirm the appraisal award.  Plaintiff rightly contends that both papers provided Defendant the information requisite to have ascertained removability.  Courts have held that documents similar to the appraisal award constituted "other paper" as contemplated by § 1446(b).  *See, e.g.*, *Carvalho*, 629 F.3d at 885 (noting that a demand letter sent between counsel during the course of a state court action constitutes an "other paper" within the meaning of § 1446(b)); *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994) (holding that a reply brief qualified as an "other paper" within § 1446(b)).  So long as the "other paper" reasonably reflects Plaintiff's claims, it triggers the second thirty day removal period.  *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007).  Here, the October 23, 2014 appraisal award reasonably reflected the appraised value of Plaintiff's claims against Defendant.  Consequently, Defendant's thirty day window to remove began on October 23, 2014 when the appraisers calculated Plaintiff's award amount and distributed the document to the parties.  Defendant's

1. August 27, 2015 notice of removal was therefore untimely.

2. Plaintiff's motion to confirm the appraisal award would have also triggered Defendant's removal clock. Plaintiff attached the award amount as an exhibit to its motion, thus, again apprising Defendant of the amount in controversy. The removal statutes expressly note "motion[s]" as qualified triggers of its second thirty day removal period. § 1446(b)(3) ("receipt by the defendant, through service or otherwise, of a copy of an . . . motion"). Because Plaintiff filed its motion on May 21, 2015, Defendant's August 27, 2015 notice of removal was untimely under this timeframe as well.

Finally, § 1446(c)'s one year bar also applies to this case and requires remand. Defendant frames Plaintiff's July 28, 2015 "complaint" as evidence of bad faith. (Doc. 22 at 3.) Specifically "that [Plaintiff] has all along pursued a strategy that was intended to ambush [Defendant] with an insurance bad faith claim in excess of this court's diversity jurisdiction limit in the event of a favorable insurance appraisal award." (*Id.*) According to Defendant, further evidence of Plaintiff's mendacious plan is Plaintiff's "references to the arbitration statute" in its initial pleading. (*Id.*)

The addition of the bad faith exception into § 1446 is a relatively recent change; as a result, the Ninth Circuit has yet to clarify what conduct qualifies as bad faith under the exception. The rule states that Defendant must show that Plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal[.]" § 1446(c)(3)(B). The plain meaning of the rule suggests that the Plaintiff must possess an intent to avoid removal through the concealment of the amount in controversy. This is a high threshold, but such a threshold is consistent with how the Ninth Circuit applies the bad faith standard in other contexts. For example, in determining the propriety of awarding sanctions, the Ninth Circuit held that a "finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997).

/ / /

Accounting for § 1446(c)(3)(B)'s high threshold, and the high bar the Ninth Circuit applies in other bad faith contexts, here, there is no evidence Plaintiff knowingly, recklessly, or deliberately took actions to prevent removal by masking the amount in controversy. Plaintiff may have indeed planned to wait until the state court confirmed its appraisal award before pursuing other claims, as Defendant argued, but such action does not add up to bad faith for numerous reasons. Foremost, Plaintiff disclosed the amount in controversy. Indeed, Plaintiff attached the amount in controversy to its May 21, 2015 motion. Next, even if the amount in controversy remained unknown until Plaintiff filed its "complaint," Plaintiff's conduct up to that point does not reach the level of deceit necessary to show bad faith. In fact, Plaintiff seemed to have filed the "complaint" in response to Defendant's opposition to its motion to confirm the appraisal award. (Doc. 1, Ex. K.) A reactionary filing, if proper or improper, does not evidence an intent to be duplicitous as to the amount in controversy in this case. And finally, Plaintiff's litigation strategy, if true, seems reasonable and far from a bad faith plot to remain in state court. Thus, Defendant's arguments in favor of invoking § 1446(c)(B)(3)'s exception to the one year removal bar fail. Accordingly, Defendant's notice of removal was again untimely.[2]

### B. Attorney's fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). While attorney's fees are available, it is clear that "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted).

Here, although the Court grants Plaintiff's motion, the Defendant held an "objectively reasonable basis" to remove the case although ultimately its notice of

---

[2] Defendant's argument that Plaintiff waived its right to remove by consenting to magistrate judge jurisdiction on September 10, 2015 is inapposite since it occurred after Defendant filed its notice of removal. Since Defendant's notice of removal was untimely, the subsequent consent form, without deciding whether it waives Plaintiff's right to object to removal jurisdiction or not, is moot.

removal was untimely. For all of the reasons Defendant argues in its motion to dismiss, Plaintiff's "complaint" seemed to raise brand new causes of action and reasonably prompted Defendant to seek removal. While Defendant's bases for removal were ripe months before, that does not render Defendant's actions objectively unreasonable. Thus, Plaintiff's prayer for attorney's fees is denied.

For the reasons stated above,

**IT IS ORDERED** granting Plaintiff's Motion to Remand (Doc. 18) but denies the award of attorney's fees. The Clerk of Court is directed to remand this action.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a certified copy of this Order to the Apache County Superior Court for further proceedings.

**IT IS FURTHER ORDERED** finding Defendant's Motion to Strike (Doc. 23) moot.

Dated this 22nd day of December, 2015.

_____
Honorable G. Murray Snow
United States District Judge